IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE THOMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| POLICE DEPT. OF PHILADELPHIA, | : | |
| PHILADELPHIA DETECTIVE DIVISION, | : | NO. 10-6083 |
| AND THE DISTRICT ATTORNEY'S | : | |
| OFFICE | : | |

**MEMORANDUM**

*Pro se* Plaintiff Willie Thompson brings this action against the Police Department of Philadelphia, the Philadelphia Detectives Division, and the District Attorney's Office, alleging violations of his civil rights resulting from his arrest on rape charges that were later dropped. Presently before the Court is the District Attorney's Office's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is granted and the claims against the District Attorney's Office are dismissed with prejudice.

**I.     BACKGROUND**

The Complaint alleges the following facts. The Philadelphia Police arrested Plaintiff Willie Thompson at his home without a warrant on October 6, 2009. (Compl. at 3.) Plaintiff was charged with attempted rape, assault, and other crimes. (Id.) After a preliminary arraignment on October 7, the court set Plaintiff's bail at $40,000. (Id. at 3a.)[1] See also Commonwealth v. Thompson, Crim. A. No. 51-46266-2009, docket at 2 (Municipal Ct. of Philadelphia Cnty.) (the "Docket").[2] Plaintiff

---

[1] Plaintiff has continued page 3 of his Complaint on two additional pages that we refer to as 3a and 3b.

[2] We may consider court dockets on a motion to dismiss pursuant to Rule 12(b)(6). See Geraghty v. Ins. Servs. Office, Inc., 369 F. App'x. 402, 407 (3d Cir. 2010). See also Miller v.

was unable to post bail and thus remained imprisoned. (Compl. at 3a.) Plaintiff was arraigned on October 13, 2009, and his preliminary hearing was continued until December 15, 2009. Docket at 1, 3. Plaintiff opposed the continuance. (Compl. at 3a.) The charges against Plaintiff were withdrawn at the December 15 preliminary hearing. Docket at 3.

On November 16, 2010, Plaintiff filed a *pro se* Complaint against the Philadelphia Police Department, Philadelphia Detectives Division, and the District Attorney's Office, asserting six claims for relief against all Defendants. The Complaint asserts claims for false arrest and false imprisonment, three claims for violation of Plaintiff's procedural due process rights, and what appears to be a claim of double jeopardy. (Compl. at 3a-3b.)[3]

The District Attorney's Office has moved to dismiss Plaintiff's claims against it because it is not capable of being sued under 42 U.S.C. § 1983. Plaintiff did not respond to the Motion.

## II.   LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we look primarily to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361,

---

Cadmus Commc'ns, Civ. A. No. 09-2869, 2010 WL 762312, at *2 (E.D. Pa. Mar. 1, 2010) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)) (noting that we can consider court files in deciding a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)).

[3] The Complaint does not specify a particular cause of action. Because Plaintiff lists the basis for federal question jurisdiction as "No person shall be denied the constitutional right of life[,] liberty[,] or property without due process of the law," we construe the Complaint to assert these claims pursuant to 42 U.S.C. § 1983.

374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

## III. DISCUSSION

The District Attorney's Office argues that it should be dismissed as a Defendant in this case because it has no independent legal existence and, therefore, is not an entity that is capable of being sued pursuant to § 1983. The United States Court of Appeal for the Third Circuit has long held that local prosecutorial offices are not legal entities separate from the local governments of which they are a part and, consequently, that they may not be sued under § 1983. See Briggs v. Moore, 251 F. App'x 77, 79 (3d Cir. 2007) (affirming the dismissal of a § 1983 suit against the Monmouth County District Attorney's Office because it "is not a separate entity that can be sued under § 1983"); Reitz v. Cnty. of Bucks, 125 F.3d 139, 148 (3d Cir. 1997) (affirming a grant of summary judgment in favor of the Bucks County District Attorney's Office because it "is not an entity for purposes of § 1983 liability"). See also Cruz v. City of Philadelphia, Civ. A. No. 07-493, 2007 WL 2317372, at *5 (E.D. Pa. Aug. 7, 2007) (dismissing claims against the Philadelphia District Attorney's Office because it "is not a separate entity for the purposes of § 1983"); Dickerson v. Montgomery Ctny. Dist. Attorney's Office, Civ. A. No. 04-4454, 2004 WL 2861869, at *2-3 (E.D. Pa. Dec. 10, 2004)

(holding that the District Attorney's Office is not a separate legal entity under Pennsylvania law and thus cannot be sued under § 1983 (citing Reitz, 125 F.3d at 144, 148)).

We conclude, accordingly, that the District Attorney's Office is not a separate legal entity that may be sued pursuant to § 1983. The Complaint thus fails to state a § 1983 claim upon which relief may be granted against the District Attorney's Office.[4]

Generally, when a complaint is subject to dismissal under Rule 12(b)(6), the court should permit a curative amendment. Phillips, 515 F.3d at 245. However, we need not provide a plaintiff with leave to amend if amendment would be inequitable or futile. See id. (citing Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004)). Where a claim is frivolous, amendment is necessarily futile and, thus, leave to amend is not warranted. See Grayson v. Mayfield State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). A claim is frivolous when it "lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Because the District Attorney's Office cannot be sued under § 1983, Plaintiff's § 1983 claims against it lack an arguable basis in law and are frivolous. Moreover, any amendment would be futile. We therefore dismiss the Complaint with prejudice as against the District Attorney's Office.

**IV. CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is granted, Plaintiff's claims against the

---

[4] The District Attorney's Office raised other arguments in favor of dismissal, but, given our conclusion that it is not a separate legal entity that may be sued, we need not address these alternative arguments here.

District Attorney's Office are dismissed with prejudice, and the District Attorney's Office is dismissed as a defendant to this action. An appropriate Order follows.

                                        BY THE COURT:

                                        /s/ John R. Padova
                                        John R. Padova, J.