IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE THOMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA POLICE | : | |
| DEPARTMENT | : | NO. 10-6083 |

**MEMORANDUM**

**Padova, J.**                                                                                                           **April 30, 2012**

*Pro se* Plaintiff Willie Thompson filed this action against the Philadelphia Police Department alleging violations of his civil rights resulting from his arrest on rape charges that were later withdrawn.[1] Presently before the Court is the Defendant's Motion for Summary Judgment.[2] For the following reasons, the Motion is granted.

**I.      BACKGROUND**

Plaintiff was arrested on October 6, 2009, and charged with attempted rape, indecent assault, indecent exposure, recklessly endangering another person, terroristic threats, aggravated assault, simple assault, unlawful restraint, and false imprisonment. (Def.'s Ex. A at 2, Def.'s Ex. B at 2.) After a preliminary arraignment on October 7, the court set Plaintiff's bail at $40,000. (Def. Ex. B at 1.) The Complaint alleges that Plaintiff was unable to post bail and thus remained imprisoned until the charges against him were withdrawn on December 15, 2009. (Compl. §§ III.A. and C.) The Complaint does not specify a particular cause of action, but alleges that the Philadelphia Police

---

[1] Plaintiff also asserted claims against the Philadelphia Detectives Division of the Philadelphia Police Department and the Commonwealth District Attorney's Office. We granted the District Attorney's Office's Motion to Dismiss on October 11, 2011, and dismissed the Detectives Division as a Defendant to this action on December 15, 2011.

[2] Plaintiff did not file a response to the instant Motion.

Department arrested Plaintiff without a warrant, that Plaintiff was imprisoned for 70 days without basis, that Plaintiff's criminal proceedings were continued without his consent, and that two petitions for writ of habeas corpus that he filed with the Philadelphia Court of Common Pleas were ignored. Because the Complaint lists the basis for federal question jurisdiction as "No person shall be [denied] the constitutional right of life[,] liberty[,] or property without due process of the law," we construe the Complaint as asserting claims pursuant to 42 U.S.C. § 1983 for false arrest and false imprisonment in violation of the Fourth Amendment and for violation of Plaintiff's Fourteenth Amendment procedural due process rights. Defendant has moved for summary judgment on the grounds that (1) the Philadelphia Police Department may not be sued pursuant to § 1983 and (2) there is no evidence on the record that would support a claim of municipal liability against the City of Philadelphia.

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court"

that "there is an absence of evidence to support the nonmoving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response "must support the assertion [that a fact is genuinely disputed] by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials [that the moving party has cited] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Summary judgment is appropriate if the nonmoving party fails to respond with a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### III. DISCUSSION

Defendant argues that it is entitled to summary judgment in its favor because it is not an independent entity and thus is not a proper party to a § 1983 suit. A municipal police department cannot be sued separately from the municipality of which it is a part because it is not a separate, independent entity. See DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) (citations omitted). However, rather than grant the Motion on this basis, we may simply "treat the municipality and its police department as a single entity for purposes of section 1983 liability." Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n. 4 (3d Cir. 1997) (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 671 n.7 (3d Cir. 1988)); see also Peterson v. City of Uniontown, 441 F. App'x 62, 63 n.1 (3d Cir. 2011) (noting that it did not make any difference that the complaint named "the City of Uniontown Police Department, rather than the City, as the defendant" and that the district court and the parties subsequently referred to that defendant as the City of Uniontown, because "§ 1983 treats a municipality and its police department as the same entity." (citing Bonenberger, 132 F.3d at 25 n.4)). Consequently, we treat the claims asserted against Defendant as though they were asserted

3

against the City of Philadelphia.

Defendant also argues that it is entitled to summary judgment in its favor because there is no evidence in the record that would support a claim of municipal liability against the City of Philadelphia. A municipality may only be liable under § 1983 when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978). A municipal policy is defined as a "'statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers.'" Simmons v. City of Philadelphia, 947 F.2d 1042, 1059 (3d Cir. 1991) (alteration in original) (quoting Monell, 436 U.S. at 690). A municipal custom consists of "'such practices of state officials . . . [as are] so permanent and well settled as to constitute a custom or usage with the force of law.'" Id. (alterations in original) (quoting Monell, 436 U.S. at 691).

Consequently, in order to succeed on a claim of municipal liability brought pursuant to § 1983, a plaintiff must first identify a municipal policy or custom that led to the alleged constitutional violation. The plaintiff must then establish that the municipality maintained the policy or custom with "deliberate indifference" to the constitutional deprivations that the policy or custom caused. City of Canton v. Harris, 489 U.S. 378, 389 (1989); see also Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996) (stating that the "deliberate indifference" standard, though originally created in the context of a failure to train claim, has been applied to other claims of municipal liability based on policy or custom). Deliberate indifference may be established by evidence that policymakers were aware of the constitutional deprivations and of alternatives for preventing them, "'but either deliberately choose not to pursue these alternatives or *acquiesced in a long-standing policy or*

*custom of inaction* in this regard.'" Beck, 89 F.3d at 972 (quoting Simmons, 947 F.2d at 1064); see also Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 407 (1997) ("If a program does not prevent constitutional violations, municipal decisionmakers may eventually be put on notice that a new program is called for. Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action -- the 'deliberate indifference' -- necessary to trigger municipal liability." (citing City of Canton, 489 U.S. at 390 n.10)). In addition, a plaintiff must also prove that the municipal policy or custom was "the proximate cause of the injuries suffered." Beck, 89 F.3d at 972 n.6 (citation omitted). The United States Court of Appeals for the Third Circuit has explained that "[a] sufficiently close causal link between . . . a known but uncorrected custom or usage and a specific violation is established if occurrence of the specific violation was made reasonably probable by permitted continuation of the custom." Bielevicz v. Dubinon, 915 F.2d 845, 851 (3d Cir. 1990) (alterations in original) (quotation omitted).

      Plaintiff's claims for false arrest and false imprisonment are based upon his assertion that he was arrested without a warrant and imprisoned subsequent to that arrest. Plaintiff has failed to submit any evidence that the City of Philadelphia has a policy or custom of arresting individuals without warrants in violation of their Fourth Amendment rights, or that such a policy was the proximate cause of his arrest and imprisonment. Plaintiff's procedural due process claims are based on his assertion that the Philadelphia Court of Common Pleas continued his preliminary hearing without his consent and failed to rule on two petitions for writ of habeas corpus he filed seeking his release. Plaintiff does not assert that Defendant played any role in the Common Pleas Court's continuance of his preliminary hearing or its failure to rule on his habeas petitions. We conclude,

accordingly, that the entry of summary judgment in Defendant's favor is appropriate in this case because there is no evidence on the record that the City of Philadelphia had a custom or policy that caused the alleged violations of Plaintiff's rights under the Fourth and Fourteenth Amendments.

## IV.	CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.